**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21851-CIV-ALTONAGA/Reid**

**SERGIO ENRIQUE MONTOYA**
**IZAQUIRRE**,

      Petitioner,

v.

**WARDEN, KROME DETENTION**
**CENTER**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court *sua sponte*.  On March 19, 2026, Petitioner, Sergio Enrique Montoya Izaquirre filed a Petition for Writ of Habeas Corpus [ECF No. 1], challenging his detention at the Krome Detention Center in Miami, Florida.  (*See generally id.*).  Upon review, the Court concludes the Petition must be dismissed as an impermissible shotgun pleading.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  *Id.* (alteration added).  "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added).  "[A] typical shotgun complaint contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (alteration added).  That structure makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted).  Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit."  *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Petition is a quintessential shotgun pleading.  In Petitioner's second through fifth claims for relief, he "repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth [t]herein."  (Pet. ¶¶ 96, 105, 110, 117 (alteration added)).  By "repeat[ing], re-alleg[ing], and incorporat[ing] by reference" each preceding allegation, Petitioner makes it difficult to ascertain what factual allegations and legal conclusions correspond to the second through fifth claims.  (*Id.* (alterations added)).  This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as each claim after the first is "replete with factual allegations [and legal conclusions] that could not possibly be material to that specific count[.]"  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Sergio Enrique Montoya Izaquirre's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED without prejudice**.  Petitioner has until **April 6, 2026** to submit an amended petition correcting the foregoing deficiencies.

CASE NO. 26-21851-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3