UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21851-CIV-ALTONAGA/Reid

SERGIO ENRIQUE MONTOYA
IZAQUIRRE,

       Petitioner,

v.

WARDEN, KROME DETENTION
CENTER, *et al.*,

       Respondents.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Sergio Enrique Montoya Izaquirre's

Amended Petition for Writ of Habeas Corpus [ECF No. 4], filed on April 6, 2026. Petitioner

challenges his detention at the Krome Detention Center ("Krome") in Miami, Florida. (*See*

*generally id.*). Respondents filed a Response [ECF No. 6]; Petitioner did not file a reply. (*See*

*generally* Dkt.). The Court has reviewed the record, the parties' written submissions, and

applicable law. For the following reasons, the Petition is dismissed without prejudice for lack of

subject matter jurisdiction.

     ***Background.*** Petitioner is a Honduran citizen who entered the United States on March 24,

2014. (*See* Am. Pet. ¶¶ 17, 49). Upon Petitioner's entry into the country, Respondents placed him

in expedited removal proceedings (*see id.* ¶ 50), but Petitioner expressed fear of returning to

Honduras (*see* Resp. 2 (citation omitted)).[1] On March 25, 2014, Respondents granted Petitioner

humanitarian parole. (*See* Am. Pet. ¶ 51). Petitioner's parole was renewed annually until about

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers
of all court filings.

2019. (*See* Resp. 2 (citation omitted); *but see* Am. Pet. ¶ 2 (asserting Petitioner's parole was last renewed in 2015 (citation omitted))).

In June 2019, instead of renewing Petitioner's parole, Respondents released him on his own recognizance. (*See* Resp. 2 (citation omitted)). Years later, on March 10, 2026, Respondents detained Petitioner when he presented himself for an immigration appointment. (*See id.* (citations omitted); *but see* Am. Pet. ¶¶ 63–65 (appearing to allege Petitioner was detained in December 2025)). Petitioner remains detained at Krome. (*See* Am. Pet. ¶ 5).

In his Amended Petition, Petitioner asserts two claims of relief. (*See generally id.*).[2] In Count I, he alleges Respondents' decision to re-detain him and revoke his conditional release violates the Fifth Amendment to the U.S. Constitution. (*See* Am. Pet. ¶¶ 68–73). In Count II, he alleges the same conduct violates the Administrative Procedure Act ("APA"), Immigration and Nationality Act ("INA"), and associated regulations. (*See* Am. Pet. ¶¶ 74–79).[3] Respondents maintain the Court lacks jurisdiction to consider Petitioner's claims (*see* Resp. 3–6); but if the Court has jurisdiction, Petitioner's detention is proper under the INA and the Fifth Amendment (*see id.* 7–9).

***Legal Standard.*** District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may

---

[2] In the interim, on March 30, 2026, U.S. Citizenship and Immigration Services ("USCIS") conducted Petitioner's credible fear interview. (*See* Resp. 2–3 (citation omitted)). On April 21, 2026, Petitioner filed a notice explaining that the USCIS determined he failed to establish a credible fear of persecution in Honduras. (*See* Not. [ECF No. 7]; *id.*, Ex. 1, USCIS Not. [ECF No. 7-1]).

[3] By asserting three causes of action in Count II, the Amended Petition, like the original Petition, is a shotgun pleading — albeit a different type. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." (footnote call number omitted)); (*see generally* Mar. 30, 2026 Order [ECF No. 3]).

issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Discussion.**   Respondents contend that since Petitioner is detained under 8 U.S.C. section 1225(b)(1) as part of his ongoing expedited removal proceedings, the Court lacks subject matter jurisdiction because of the jurisdiction-stripping provision at section 1252(a)(2)(A). (*See* Resp. 3–6); *see also* 8 U.S.C. §§ 1252(a)(2)(A)(i), (iii). Section 1225(b)(1) covers aliens determined to be inadmissible and who (1) are arriving in the United States or (2) have not been admitted or paroled into the United States and cannot show two years of presence in the country preceding the determination of inadmissibility. *See id.* §§ 1225(b)(1)(A)(i), (iii)(II). Section 1225(b)(1) mandates expedited removal of such aliens, subject to the alien's right to claim a fear of persecution upon removal and apply for asylum. *See id.* § 1225(b)(1)(A)(i) (alterations added).

Section 1252(a) contains a jurisdiction-stripping provision applicable to immigration actions arising under section 1225(b)(1). *See id.* § 1252(a)(2). It provides that: "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review[] . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title" or to entertain a claim relating to "the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]" *Id.* §§ 1252(a)(2)(A)(i), (iii)

3

(alterations added).[4] District courts may not "enter declaratory, injunctive, or other equitable relief" in connection with such claims. *Id.* § 1252(e)(1)(A).

Petitioner contests his re-arrest and re-detention and Respondents' recent revocation of his conditional release without notice or an opportunity to be heard. (*See* Am. Pet. ¶¶ 73, 79). Petitioner challenges actions Respondents took as part of expedited removal proceedings initiated against Petitioner under section 1225(b)(1), while recognizing that Respondents' actions arose from those proceedings. (*See* Am. Pet. ¶ 13 ("Petitioner challenges the legality of his current detention, which stems from . . . his original designation as [e]xpedited [r]emoval and therefore mandatory detention[.]" (alterations added))). He thus asserts claims "arising from" and "relating to" the expedited removal process. 8 U.S.C. § 1252(a)(2)(A)(i). Petitioner also does not assert that any of the narrow exceptions under section 1252(e)(2) applies. (*See generally* Am. Pet.; *see also id.* ¶ 8 (recognizing the exceptions to the jurisdiction-stripping provision but not asserting Petitioner falls within one)).

Section 1252(a) therefore applies, and its statutory language is clear and unambiguous. *See United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001) ("In statutory construction, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results." (citation and quotation marks omitted)). That language deprives the Court of subject matter jurisdiction. *See Zamirov v. Olson*, No. 25-cv-6540, 2025 WL 2618030, at *2 (N.D. Ill. Aug. 29, 2025) ("[T]his court's review of [petitioner's] habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of [section] 1252(a)(2)(A)(i) to the extent he seeks review of the expedited removal order." (alterations added)); *see also Pineda v. Customs & Border Prot.*,

---

[4] There is a narrow exception permitting courts to review expedited removal orders to assess whether the petitioner (1) is an alien, (2) was in fact ordered removed under section 1225(b)(1), and (3) can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *See* 8 U.S.C. § 1225(e)(2).

544 F. App'x 925, 926 (11th Cir. 2013) (affirming district court's dismissal of habeas petition for lack of jurisdiction and stating that the "INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order"). The Amended Petition is thus due to be dismissed.

As the Court finds Respondents' first argument dispositive, it does not reach the remaining arguments raised in the Response.

**Conclusion.** Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Sergio Enrique Montoya Izaquirre's Amended Petition for Writ of Habeas Corpus **[ECF No. 4]** is **DISMISSED without prejudice**. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of May, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

5